UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x
ABETH HASHIMI,

        Plaintiff,                    Case No._____

-v-

**COMPLAINT**

MCDONALD'S CORPORATION and
PETWIL XIII, INC.,
        Defendants.
_____x

      Plaintiff, Abeth Hashimi, by his undersigned counsel, hereby files this Complaint and sues, McDonald's Corporation and Petwil XIII, Inc., for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG").

**JURISDICTION**

      1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon Defendant's violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

      2.      Plaintiff, Abeth Hashimi, currently resides in Flushing, New York, and is *sui juris*. He is a qualified individual with disabilities under the ADA law. Abeth suffers from central nuclear myopathy. Central Nuclear Myopathy is a congenital neuromuscular disorder. It is characterized as a defect in the cell structure of voluntary muscles. As a result Abeth is bound to ambulate in a wheelchair. He has visited the property, which forms the basis of this lawsuit and plan to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. His access to the facility and/or full and equal enjoyment of the goods, services, facilities, privileges,

advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and ADA violations which exist at the facility, including but not limited, to those set forth in the Complaint.

3. Defendant, McDonald's Corporation, is a domestic corporation and transacts business in the State of New York and within this judicial district. Defendant is the owner/lessor/lessee, of the real property, which is the subject of this action located on or about at 280 Madison Ave, New York, NY 10016 (hereinafter the "Facility").

4. Defendant, Petwil XIII, Inc., is a domestic corporation and transacts business in the State of New York and within this judicial district. Defendant is the lessee/sub-lessee of the premises located at 280 Madison Ave, New York, NY 10016, and the owner/operator at the premises.

5. The Defendants' Facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

6. In this instance, Plaintiff visited the Facility and encountered barriers to access at the Facility, engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access as set forth herein.

7. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Facility.

8. All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises are located in the Southern District.

**FACTUAL ALLEGATIONS AND CLAIM**

9. Plaintiff has attempted to access the facility, but could not do so without severe hardship, because of his disabilities, and the physical barriers to access and ADA violations that exist at the Facility, which restrict and/or limit his access to the goods and services offered at the Facility. The ADA violations are more specifically set forth in this Complaint.

10. Plaintiff intends to visit the Facility again in the near future in order to utilize all of the goods and services offered therein but will be unable to do so because of the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

11. Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods and services of the facility, as prohibited by 42 U.S.C., § 12182, *et.seq*., and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

12. Defendants have discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations, which preclude and/or limit Plaintiff's ability to access the Facility and full and equal enjoyment of the goods, services offered at the Facility include:

> I. INACCESSIBLE DINING TABLES. REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT DINING TABLES. A MINIMUM PERCENTAGE OF EXISTING DINING TABLES REQUIRED TO BE ACCESSIBLE NOT PROVIDED.

3

    a. ADAAG 226 Dining Surfaces and Work Surfaces ADAAG 226.1 General.  Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

    b. ADAAG 902 Dining Surfaces and Work Surfaces ADAAG 902.1 General.  Dining surfaces and work surfaces shall comply with 902.2 and 902.3. ADAAG 902.2 Clear Floor or Ground Space.  A clear floor space complying with 305 positioned for a forward approach shall be provided.  Knee and toe clearance complying with 306 shall be provided. ADAAG 306.2 Toe Clearance. ADAAG 306.2.3 Minimum Required Depth.  Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element. ADAAG 306.2.5 Width.  Toe clearance shall be 30 inches (760 mm) wide minimum.  ADAAG 306.3 Knee Clearance. ADAAG 306.3.3 Minimum Required Depth.  Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground. ADAAG 306.3.5 Width.  Knee clearance shall be 30 inches (760 mm) wide minimum.

II. INACCESSIBLE DINING COUNTER. NON-COMPLIANT HEIGHT OF DINING COUNTER EXCEEDS MAXIMUM HEIGHT ALLOWANCE. PORTION OF DINING COUNTER REQUIRED TO BE ACCESSIBLE NOT PROVIDED.

    a. ADAAG 226 Dining Surfaces and Work Surfaces ADAAG 226.1 General.  Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902. ADAAG 902 Dining Surfaces and Work Surfaces ADAAG 902.1 General.  Dining surfaces and work surfaces shall comply with 902.2 and 902.3. Advisory 902.1 General. Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths. ADAAG 902.3 Height. The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.

III. INACCESSIBLE SELF SERVICE BEVERAGE DISPENSER. NON-COMPLIANT HEIGHT OF SELF SELF SERVICE BEVERAGE DISPENSER EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

    a. ADAAG 904.5.1 Self-Service Shelves and Dispensing Devices.  Self-service shelves and dispensing devices for tableware, dishware, condiments, food and beverages shall comply with 308. ADAAG 308.2 Forward Reach. ADAAG 308.2.1 Unobstructed.  Where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finish floor or ground. ADAAG 308.2.2 Obstructed High Reach.  Where a high forward reach is over

an obstruction, the clear floor space shall extend beneath the element for a distance not less than the required reach depth over the obstruction. The high forward reach shall be 48 inches (1220 mm) maximum where the reach depth is 20 inches (510 mm) maximum. Where the reach depth exceeds 20 inches (510 mm), the high forward reach shall be 44 inches (1120 mm) maximum and the reach depth shall be 25 inches (635 mm) maximum. ADAAG 308.3 Side Reach. ADAAG 308.3.1 Unobstructed. Where a clear floor or ground space allows a parallel approach to an element and the side reach is unobstructed, the high side reach shall be 48 inches (1220 mm) maximum and the low side reach shall be 15 inches (380 mm) minimum above the finish floor or ground. ADAAG 308.3.2 Obstructed High Reach. Where a clear floor or ground space allows a parallel approach to an element and the high side reach is over an obstruction, the height of the obstruction shall be 34 inches (865 mm) maximum and the depth of the obstruction shall be 24 inches (610 mm) maximum. The high side reach shall be 48 inches (1220 mm) maximum for a reach depth of 10 inches (255 mm) maximum. Where the reach depth exceeds 10 inches (255 mm), the high side reach shall be 46 inches (1170 mm) maximum for a reach depth of 24 inches (610 mm) maximum.

IV. REQUIRED MINIMUM MANEUVERING CLEARANCE NOT PROVIDED AT DOOR OF RESTROOM LOCATED AT MAIN FLOOR LEVEL.
   a. ADAAG 404.2.4 Maneuvering Clearances. Minimum maneuvering clearances at doors and gates shall comply with 404.2.4. Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.

V. NON-COMPLIANT LOCK AT DOOR OF RESTROOM LOCATED AT MAIN FLOOR LEVEL REQUIRES TWISTING OF THE WRIST.
   a. ADAAG 404.2.7 Door and Gate Hardware. Handles, pulls, latches, locks, and other operable parts on doors and gates shall comply with 309.4 ADAAG 309.4 Operation. Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The force required to activate operable parts shall be 5 pounds maximum.

VI. INACCESSIBLE WATER CLOSET IN RESTROOM LOCATED AT MAIN FLOOR LEVEL. REQUIRED MINIMUM CLEARANCE NOT PROVIDED AT WATER CLOSET LOCATED AT MAIN FLOOR LEVEL.
   a. ADAAG 604 Water Closets and Toilet Compartments ADAAG 604.3 Clearance. Clearances around water closets and in toilet compartments shall comply with 604.3. ADAAG 604.3.1 Size. Clearance around a water closet shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

VII. NON-COMPLIANT DISTANCE OF WATER CLOSET FROM SIDE WALL IN RESTROOM LOCATED AT MAIN FLOOR LEVEL.
   a. ADAAG 604.2 Location.  The water closet shall be positioned with a wall or partition to the rear and to one side.  The centerline of the water closet shall be 16 inches minimum to 18 inches maximum from the side wall or partition.
VIII. NON=COMPLIANT POSITION OF PLUMBING VALVES LOCATED DIRECTLY BEHIND TOILET SEAT OF WATER CLOSET IN RESTROOM LOCATED AT MAIN FLOOR LEVEL.
   a. ADAAG Advisory 604.6 Flush Controls.  If plumbing valves are located directly behind the toilet seat, flush valves and related plumbing can cause injury or imbalance when a person leans back against them.  To prevent causing injury or imbalance, the plumbing can be located behind walls or to the side of the toilet; or if approved by the local authority having jurisdiction, provide a toilet seat lid.
IX. INACCESSIBLE LAVATORY IN RESTROOM LOCATED AT MAIN FLOOR LEVEL. REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT LAVATORY LOCATED AT MAIN FLOOR LEVEL.
   a. ADAAG 606 Lavatories and Sinks ADAAG 606.2 Clear Floor Space.  A clear floor space complying with 305, positioned for a forward approach, and knee and toe clearance complying with 306 shall be provided. ADAAG 306.2 Toe Clearance. ADAAG 306.2.3 Minimum Required Depth.  Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element. ADAAG 306.2.5 Width.  Toe clearance shall be 30 inches (760 mm) wide minimum.  ADAAG 306.3 Knee Clearance. ADAAG 306.3.3 Minimum Required Depth.  Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground. ADAAG 306.3.5 Width.  Knee clearance shall be 30 inches (760 mm) wide minimum.
X. REQUIRED INSULATION OF PIPES AND WATER LINES NOT PROVIDED UNDER THE LAVATORY IN RESTROOM LOCATED AT MAIN FLOOR LEVEL.
   a. ADAAG 606.5 Exposed Pipes and Surfaces.  Water supply and drain pipes under lavatories and sinks shall be insulated or otherwise configured to protect against contact.  There shall be no sharp or abrasive surfaces under lavatories and sinks.
XI. INACCESSIBLE COAT HOOK IN RESTROOM LOCATED AT MAIN FLOOR LEVEL.. NON-COMPLIANT HEIGHT OF COAT HOOK IN RESTROOM LOCATED AT MAIN FLOOR LEVEL EXCEEDS MAXIMUM HEIGHT ALLOWANCE.
   a. ADAAG 604.8.3 Coat Hooks and Shelves.  Coat hooks shall be located within one of the reach ranges specified in 308. ADAAG 308.2

       Forward Reach. ADAAG 308.2.1 Unobstructed. Where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finish floor or ground. ADAAG 308.2.2 Obstructed High Reach. Where a high forward reach is over an obstruction, the clear floor space shall extend beneath the element for a distance not less than the required reach depth over the obstruction. The high forward reach shall be 48 inches (1220 mm) maximum where the reach depth is 20 inches (510 mm) maximum. Where the reach depth exceeds 20 inches (510 mm), the high forward reach shall be 44 inches (1120 mm) maximum and the reach depth shall be 25 inches (635 mm) maximum. ADAAG 308.3 Side Reach. ADAAG 308.3.1 Unobstructed. Where a clear floor or ground space allows a parallel approach to an element and the side reach is unobstructed, the high side reach shall be 48 inches (1220 mm) maximum and the low side reach shall be 15 inches (380 mm) minimum above the finish floor or ground. ADAAG 308.3.2 Obstructed High Reach. Where a clear floor or ground space allows a parallel approach to an element and the high side reach is over an obstruction, the height of the obstruction shall be 34 inches (865 mm) maximum and the depth of the obstruction shall be 24 inches (610 mm) maximum. The high side reach shall be 48 inches (1220 mm) maximum for a reach depth of 10 inches (255 mm) maximum. Where the reach depth exceeds 10 inches (255 mm), the high side reach shall be 46 inches (1170 mm) maximum for a reach depth of 24 inches (610 mm) maximum.

XII. ADDITIONAL RESTROOMS AND DINING AREA LOCATED AT LOWER LEVEL ARE INACCESSIBLE. AN ACCESSIBLE ROUTE NOT PROVIDED TO ADDITIONAL RESTROOMS AND DINING AREA LOCATED AT LOWER LEVEL. STAIR FLIGHT AT TRAVEL PATH TO ADDITIONAL RESTROOMS AND DINING AREA ACTS AS A BARRIER TO ACCESSIBILITY.
    a. ADAAG 206.2.5 Restaurants and Cafeterias. In restaurants and cafeterias, an accessible route shall be provided to all dining areas, including raised or sunken dining areas, and outdoor dining areas. ADAAG 402 Accessible Routes ADAAG 402.1 General. Accessible routes shall comply with 402.
    b. ADAAG 402.2 Components. Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.

XIII. NON-COMPLIANT EXISTING HANDRAILS AT STAIR FLIGHT LEADING TO RESTROOMS. COMPLIANT HANDRAIL EXTENSIONS NOT PROVIDED AS REQUIRED AT THE EXISTING

7

> HANDRAIL AT ONE SIDE OF STAIR FLIGHT LEADING TO RESTROOMS.
> a. ADAAG 505 Handrails ADAAG 505.1 General. Handrails provided along walking surfaces complying with 403, required at ramps complying with 405, and required at stairs complying with 504 shall comply with 505. ADAAG 505.10 Handrail Extensions. Handrail gripping surfaces shall extend beyond and in the same direction of stair flights and ramp runs in accordance with 505.10. ADAAG 505.10.1 Top and Bottom Extension at Ramps. Ramp handrails shall extend horizontally above the landing for 12 inches (305 mm) minimum beyond the top and bottom of ramp runs. Extensions shall return to a wall, guard, or the landing surface, or shall be continuous to the handrail of an adjacent ramp run.

13. The above listing is not to be considered all-inclusive of the barriers, which exist at the Facility. Plaintiff requires an inspection of the facility, in order to determine all of the ADA violations.

14. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

15. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

16. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

17. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily

accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the subject facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

      Respectfully submitted,
*s/Maria Costanza Barducci*
Maria Costanza Barducci, Esq.
BARDUCCI LAW FIRM
Attorneys for Plaintiff
5 West 19th Street, 10th Floor
New York, New York 10011
Bar No.: 5070487
Telephone: 212-433-2554
Email: mc@barduccilaw.com